UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 1, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Erini F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-577-BAH

Dear Counsel:

On March 9, 2022, Plaintiff Erini F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's alternative motion for remand. ECF 8, 11, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on September 19, 2017, and a Title XVI application for Supplemental Security Income ("SSI") benefits on May 12, 2017, alleging a disability onset of February 3, 2017. Tr. 12, 278. Plaintiff's claims were denied initially and on reconsideration. Tr. 189–94, 198–204, 205–11. On March 13, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 81–129. On October 4, 2019, the ALJ determined that Plaintiff was disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 174–81.

Subsequently, on April 10, 2020, the Appeals Council reversed the ALJ's October 4, 2019, decision on its own motion and remanded Plaintiff's claims to the ALJ for further proceedings. Tr. 182–88. On August 6, 2020, an ALJ held a supplemental hearing. Tr. 41–77. On January 5, 2021, the ALJ issued a decision denying Plaintiff's claims. Tr. 8–32. Plaintiff filed a written request for the Appeals Council to review the ALJ's January 5, 2021, decision, Tr. 296–300, which the Appeals Council denied on January 20, 2022. Tr. 1–5. Therefore, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] 42 U.S.C. §§ 301 et seq.

*Erini F. v. Kijakazi*
Civil No. 22-577-BAH
December 1, 2022
Page 2

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 3, 2017, the alleged onset date." Tr. 14. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis and degenerative disk disease." Tr. 15. The ALJ also determined that Plaintiff suffered from the non-severe impairment of obesity. *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except for occasionally climbing ramps and stairs, never climbing ladders, ropes, and scaffolds, and occasionally balancing, stooping, kneeling, crouching, and crawling. She can have no exposure to hazards such as unprotected heights and dangerous machinery.

Tr. 19. The ALJ determined that Plaintiff was unable to perform past relevant work as a geriatric nurse/medical assistant (DOT #355.674-014),[2] but could perform other jobs that existed in significant numbers in the national economy. Tr. 24–25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. THE APPEALS COUNCIL DENIAL

"If 'dissatisfied' with an ALJ decision as to entitlement to disability benefits, a claimant 'may request' that the Appeals Council review 'that action.'" *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citation omitted). "When a claimant requests review of an ALJ decision, the Appeals Council 'may deny *or* dismiss the request for review, *or* it may grant the request and either issue a decision or remand the case to [the ALJ].'" *Id.* (emphases in original).

On January 14, 2021, Plaintiff submitted a written request to the Appeals Council, requesting that her application be reconsidered based upon, among other things, "recent medical records . . . that may not have been considered during [the] evaluation process." Tr. 298. Along with her request, Plaintiff submitted correspondence and office notes from Dr. Morris Lasson, dated October and November 2020, detailing issues with Plaintiff's mental and emotional health. Tr. 34–40. In its "Notice of Appeals Council Action," dated January 20, 2022, the Appeals Council informed Plaintiff that after considering her written request, it found no reason to review the decision because the additional evidence "[did] not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The Appeals Council thus concluded that the ALJ's decision was the final decision of the Commissioner in this case. Tr. 1.

### IV. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### V. ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ failed to support her RFC determination with substantial evidence because she: (1) failed to perform a function-by-function assessment of Plaintiff's work-related abilities; and (2) "mischaracterized" and/or "erroneously disregarded" the opinions of several of Plaintiff's attending physicians. ECF 12-1, at 6–16. Second, Plaintiff argues that the Appeals Council erred by denying review of the ALJ's decision because it failed to properly evaluate "new and material" evidence submitted by Plaintiff regarding her claims. *Id.* at 16–24. Defendant counters that the ALJ's "narrative discussion of the relevant medical and non-medical evidence [was] more than enough . . . to meet

*Erini F. v. Kijakazi*
Civil No. 22-577-BAH
December 1, 2022
Page 4

the standard for substantial evidentiary sufficiency." ECF 14-1, at 11. Defendant also avers that the Appeals Council's decision to deny review was proper because Plaintiff failed to show good cause as to why she did not timely submit her additional evidence. *Id.* at 13–16.

A.  THE ALJ'S DECISION

The Court first addresses Plaintiff's argument that the ALJ erred in assessing her RFC. As stated above, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman*, 829 F.2d at 517. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained her findings and rationale in crediting the evidence. *See, e.g.*, *Sterling*, 131 F.3d at 439–40.

Against this backdrop, the Court considers Plaintiff's claim that the ALJ's RFC assessment is not supported by a function-by-function analysis. ECF 12-1, at 8–10. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

As an initial matter, Plaintiff's argument that the ALJ erred by failing to conduct this analysis is unavailing. The Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is only required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). As such, the lack of an explicit function-by-function analysis does not warrant remand.

Indeed, a careful review of the ALJ's decision makes clear that the ALJ amply supported the RFC determination with substantial evidence. The ALJ engaged in a narrative discussion of Plaintiff's medical evidence spanning approximately five pages and citing to specific medical evidence in the record. Tr. 19–23. The ALJ then logically explained how this evidence, along with Plaintiff's testimony, prior administrative findings, the opinions of various attending physicians, and the State agency medical consultant's physical assessments, leads to the conclusion that Plaintiff has the capacity to perform sedentary work. *Id.* Specifically, the ALJ noted that, while assessments conducted by Dr. Ira M. Garonzik in December 2018 and Dr. Michael Wong in December 2019 were persuasive indicators of Plaintiff's physical abilities, Tr. 23–24, Plaintiff's documented activities of daily living, subjective complaints, and conservative treatment history "appropriately limited [her] to a sedentary exertional level . . . ." Tr. 24.

Despite the ALJ's ample narrative discussion, Plaintiff argues that the ALJ erred in assessing the RFC because she "mischaracterized" the opinions of two attending physicians—Dr. Wong and Dr. Jeffrey A. Schneider—by stating that Dr. Wong found Plaintiff to be capable of performing sedentary work full-time and without limitation. ECF 12-1, at 10–12. However, I do not find the ALJ's summary of these findings to be misleading or incorrect. In Dr. Wong's December 6, 2019, assessment, Dr. Wong notes that he "[a]gree[s] with the findings of" Plaintiff's previous functional capacity evaluation (which included a finding that Plaintiff could perform full-time sedentary work), and considers these findings to be "consistent with [his] own assessment." Tr. 780. Accordingly, the ALJ properly characterized this statement by noting that Dr. Wong "agreed with the FCE completed by Ms. Malquist [sic] . . . ." Tr. 23. Further, the ALJ makes no reference to Dr. Schneider's assessment in her decision. For these reasons, Plaintiff has not established that the ALJ mischaracterized the opinions of Dr. Schneider or Dr. Wong.

Plaintiff also argues that the ALJ erred in conducting the RFC analysis by "erroneously disregard[ing] the opinions of" Dr. Schneider and Plaintiff's physical therapist, Kristin Malmquist, by: (1) evaluating Ms. Malmquist's evaluation in a manner that contradicts the ALJ's characterization of Dr. Schneider's report; (2) discounting Dr. Schneider's and Ms. Malmquist's opinions upon the basis that Plaintiff's MRI results were "mild"; (3) discounting Dr. Schneider's and Ms. Malmquist's opinions upon the basis that Plaintiff worked at a generally sedentary level in 2018; and (4) discounting Ms. Malmquist's opinion on the basis that Plaintiff's treatment was "conservative."[3] ECF 12-1, at 12–15.

These arguments are unavailing. First, while the ALJ found Ms. Malmquist's March 2019 evaluation to be unpersuasive due to its inconsistency with Plaintiff's activity levels in 2018, she nonetheless found Dr. Wong's December 2019 assessment (which relied partly on Ms. Malmquist's evaluation) to be persuasive because, among other things, it included a "more longitudinal[]" assessment of Plaintiff's condition than did Ms. Malmquist's evaluation. Tr. 22–23. Second, while Plaintiff contends that the ALJ "lack[ed] the medical expertise to interpret an MRI result," ECF 12-1, at 14, a careful reading of the ALJ's decision shows that the ALJ did not "interpret," but merely *described* the MRI result based upon the record evidence: "A repeat MRI in October 2018 showed mild disc bulging . . . ." Tr. 21. Third, the ALJ's "reliance upon the Plaintiff's work in 2018 at generally a sedentary exertional level to discount Ms. Malmquist's opinions" is not an appropriate basis for remand. ECF 12-1, at 14. The ALJ noted that she found Ms. Malmquist's evaluation "unpersuasive" because it was "not consistent with . . . the claimant's performance of work . . . in 2018 . . . and her conservative treatment that typically addressed her pain." Tr. 22–23. As such, this finding was supported by substantial evidence. Lastly, because the ALJ noted that Plaintiff's oxycodone usage was "only intermittent," Tr. 23, the ALJ's characterization of Plaintiff's treatment as "conservative" was also supported by

---

[3] Plaintiff's motion appears to conflate Dr. Schneider's December 2019 assessment with the December 2019 assessment conducted by Dr. Wong. ECF 12-1, at 12–14. Because the ALJ's decision makes no reference to Dr. Schneider, the Court construes Plaintiff's argument as referring to the ALJ's analysis of Dr. Wong's December 2019 assessment.

*Erini F. v. Kijakazi*
Civil No. 22-577-BAH
December 1, 2022
Page 6

substantial evidence, and thus did not constitute reversible error.

      B.      THE APPEALS COUNCIL DENIAL

      Having found that the ALJ's RFC assessment was supported by substantial evidence, the Court next considers whether the Appeals Council erred by denying Plaintiff's request for review of the ALJ's decision.

      The Appeals Council reviews an ALJ's decision if it "receives additional evidence that is new, material, and relates to the period on or before the date of the [ALJ's] hearing decision, and there is reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a), 416.1470(a). Although the Appeals Council is not required to "explain its rationale for denying review," the record as a whole, including "new evidence presented to the Appeals Council," must provide "an adequate explanation of [the Commissioner's] decision.'" *Meyer*, 662 F.3d at 705, 707 (quoting *DeLoatche*, 715 F.2d at 150).

      In considering whether substantial evidence supported the Appeals Council's ground(s) for denial of review, this Court considers "only 'the procedural ground that was the basis for the Appeals Council dismissal[.]" *Robert H. v. Kijakazi*, No. DLB-20-1309, 2021 WL 5909255, at *2 (D. Md. Dec. 14, 2021) (citing *Smith v. Berryhill*, 139 S. Ct. 1765, 1779–80 (2019)). The Appeals Council limited its rationale for denying review of this case to a single sentence: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. Thus, the Court considers whether substantial evidence supported the Appeals Council's finding that Plaintiff's evidence was immaterial.

      Evidence is considered material where: (1) there is a "reasonable [probability] that the new evidence would have changed the outcome;" and (2) the evidence "relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Tegeler v. Comm'r, Soc. Sec. Admin*, No. SAG-15-3489, 2016 WL 4919874, at *2 (D. Md. Sept. 14, 2016) (citations omitted).

      Having considered the record as a whole, I am satisfied that there is substantial evidence to support the Appeals Council's denial of review. As support for Plaintiff's request for review of the ALJ's decision, Plaintiff submitted office notes, an initial psychological evaluation, and two letters from a clinical psychologist, Dr. Morris Lasson, which were prepared by Dr. Lasson in October and November of 2020. Tr. 34–40. Plaintiff argues that these materials "add[] evidence of significant limitations of function related to mental impairments which were not available to the [ALJ] at the time of the administrative hearing," and that "[t]he inclusion of such limitations will have a demonstrable impact upon the Plaintiff's occupational base . . . ." ECF 12-1, at 22, 24.

      Dr. Lasson opines that Plaintiff "suffer[s] from emomtional pathology," "is unable to work," suffers "subjective depression," and has "acute PTSD." Tr. 34, 39–40. He also describes Plaintiff's "psychological stressors" as "moderate." Tr. 40. While Plaintiff contends that prior to Dr. Lasson's evaluation, "there had been no evaluation of" her mental impairments, ECF 12-1, at 20, that contention is belied by the record in this case. In her decision, the ALJ considered the fact

*Erini F. v. Kijakazi*
Civil No. 22-577-BAH
December 1, 2022
Page 7

that Plaintiff was "prescribed medication for depression by her primary care physician," even though Plaintiff "regularly den[ied] anxiety, depression, or other mental impairment syndromes." Tr. 16. The ALJ also considered a mental capacity assessment submitted by Plaintiff's primary care provider, which the ALJ found to be "generally persuasive." Tr. 17. Based upon this analysis, the ALJ concluded that Plaintiff's medically determinable mental impairments were nonsevere and caused no more than a mild limitation in relevant functional areas. *Id.*

As such, Plaintiff's additional evidence appears to be largely duplicative of evidence already considered by the ALJ in this case, and thus would not appear to have a reasonable probability of affecting the decision's outcome. Indeed, while Plaintiff suggests that these materials would have a "demonstrable impact" on the outcome of this case, ECF 12-1, at 2, Plaintiff does not explain *how* the evidence would impact the ALJ's conclusions. For these reasons, I find that the Appeals Council's denial of review in this case was supported by substantial evidence.

## VI.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 14, is GRANTED. Plaintiff's alternative motion for remand, ECF 11, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge